UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ZAMICK TANNARPATA MILHOUSE     CIVIL ACTION NO. 21-cv-1786

VERSUS     JUDGE ELIZABETH E. FOOTE

MORGAN PALMER ET AL     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

A Bossier City police officer issued traffic citations to Zamick Tannarpata Milhouse ("Plaintiff"), and Plaintiff was found guilty after trial. Plaintiff, who is self-represented, filed a civil action during the pendency of the traffic charges that alleged that he was subjected to false arrest, unlawful search and seizure, violation of due process, and other wrongs in connection with the traffic citations and related legal proceedings. Judge Walter, acting on a report and recommendation from the undersigned, stayed the case pending resolution of the city court prosecution and Plaintiff making a showing that the action was no longer precluded by Heck v. Humphrey, 114 S.Ct. 2364 (1994). Milhouse v. Mosley, 19-cv-1666, Docs. 4 & 6.

Plaintiff recently filed in that case a motion to lift stay. The undersigned reviewed the status of the traffic charges and found that, since the suit was filed, Plaintiff had been found guilty and sentenced on the charges. Plaintiff did not demonstrate that proceeding with that civil rights litigation would not run afoul of Heck or that the Heck conditions (conviction reversed or set aside) had been met. His motion to lift stay was denied.

Several days later, Plaintiff filed this civil action, which is directed at two Bossier City police officers and essentially repeats the allegations of false arrest, illegal search, and the like related to the traffic charges. Plaintiff adds a few new complaints such as alleged wrongful display of court dockets that are accessible to the public and the reporting of a criminal offense on his credit report. He asks for $1,000,000 in gold coins and a permanent injunction from future detainment, criminal prosecution of the defendants in federal court, and other forms of relief. For the reasons that follow, this civil action should be dismissed.

**Sua Sponte Review**

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

**Relevant Facts**

Plaintiff's complaint has several hallmarks of the sovereign citizen movement or similar theory by which persons come to believe that using certain buzzwords and legal gibberish entitles them to extraordinary rights under the law, including immunity from criminal prosecution or other legal constraints. The indications include Plaintiff's reference to himself as appearing on behalf of the "Estate of" Zamick Tannarpata Milhouse, his complaints about the use of his copyrighted name in legal papers, and his

objection to the requirement of a license and insurance to travel on the roads. Courts have stated that these theories are "legally unfounded" and "have never worked in a court of law." El Bey v. Perkins, 2019 WL 3050414 (W.D. La. 2019) (collecting cases).

Plaintiff alleges that he was arrested by a Bossier City police officer, that his vehicle was illegally searched and seized, and that he was released on his own recognizance after signing a promise to appear. Plaintiff alleged in his prior civil action that this arrest happened on August 30, 2019. Plaintiff says he later filed in the city court a Petition for Abatement of Citation for Improper Service and tendered a Notice of Affidavit of Status Regarding United States Citizenship, an Affidavit of Denial of Corporate Existence of Plaintiff, and a subpoena duces tecum interrogatories to the involved police officers. Plaintiff complains that he was handcuffed tightly for over 25 minutes, falsely arrested, maliciously prosecuted, and wrongfully forced to provide his social security number.

Judge Walter stayed the prior civil action in February 2020. Plaintiff returned in May 2021 with a motion to lift stay. The court reviewed the Bossier City Court's online docket information, which indicated that the case was called for trial on January 6, 2021. The judge denied Plaintiff's motion to quash, and the case proceeded to trial. A police officer testified, as did Plaintiff. Plaintiff offered to withdraw his lawsuit if the city would accept a no contest plea, but the city objected. The judge found Plaintiff guilty on all three counts and imposed sentences that allowed alternatives of paying a fine, serving time in jail, or performing community service.

**Analysis**

A claim under 42 U.S.C. § 1983, to the extent a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, is generally precluded by Heck v. Humphrey, 114 S.Ct. 2364 (1994). The accused is not allowed to seek Section 1983 relief unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 114 S.Ct. at 2372.

"Thus, when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. Heck is most often applied to claims for damages, but its principles also preclude claims for injunctive or declaratory relief that attack a conviction or sentence. Summers v. Eidson, 206 Fed. Appx. 321 (5th Cir. 2006) (Heck "applies to injunctive as well as monetary relief"); Shaw v. Harris, 116 Fed. Appx. 499, 500 (5th Cir. 2004) (same).

As noted in the prior case, the Heck doctrine is applicable, and there is no exception based on the charges at issue being only misdemeanors or traffic offenses. Gates v. Strain, 885 F.3d 874, 883 (5th Cir. 2018), cert. denied sub nom. Gates v. Reed, 139 S. Ct. 1171 (2019) (Section 1983 case that asserted excessive force and bad faith prosecution claims related to pending misdemeanor charges of DWI and resisting arrest was properly stayed pursuant to Heck and Mackey); Nelson v. City of Burleson, 265 F.3d 1059, 2001 WL

8729800 (5th Cir. 2001) ("Nelson was attempting to challenge his traffic convictions by way of this § 1983 action for damages without having first had his convictions set aside by the Texas courts, which is prohibited by Heck."). Plaintiff was issued similar traffic citations in Shreveport, and he filed a similar lawsuit against Shreveport City Court officials that was assigned to Judge Foote as Zamick-Tannarpata Milhouse v. Shemwell, 19-cv-1322 (W.D. La.). The court also stayed that case based on Heck and related authorities. It was later dismissed for failure to prosecute when Plaintiff did not respond to an order to file a status update.

This civil action should be dismissed because it is an improper effort to avoid the stay that Judge Walter issued in 19-cv-1666. Plaintiff filed a motion to lift stay in that case, and it was denied for lack of a proper showing. Plaintiff has filed a notice of appeal with respect to that order. He also filed this virtually identical new complaint. Simply refiling a previously dismissed complaint is not an appropriate way to challenge a prior decision. If Plaintiff is unhappy with the prior stay, then his remedy is to seek appellate relief.

The Fifth Circuit held in Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989) that IFP complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events that have already been unsuccessfully litigated by the plaintiff. The Court essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata, and it is "malicious" under Section 1915(d) for a pauper to file a lawsuit that duplicates allegations of another federal lawsuit by the same plaintiff. Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir. 1993). See also Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[r]epetitious litigation

of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious.")

Plaintiff has already litigated these claims before Judge Walter and received a decision. This attempt to revive and renew his stayed complaint is not permitted by the law. If Plaintiff was unhappy with the prior decision, he should have lodged a timely appeal. Dismissal should be without prejudice, because Plaintiff may some day be able to assert these claims in 19-cv-1666 if he were to satisfy the Heck conditions.

Accordingly,

It is recommended that this civil action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because all of the claims presented in the complaint are frivolous or malicious or fail to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of June, 2021.

Mark L. Hornsby
U.S. Magistrate Judge